UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN ZAHN,<br><br>        Plaintiff,<br><br>    v.<br><br><br>BRIAN APPLEBURY, et al.,<br><br>        Defendants. | No. CV-05-371-FVS<br><br><br>ORDER |

**THIS MATTER** comes before the Court based upon the defendants' motion to dismiss. They are represented by Frank A. Wilson; the plaintiff is representing himself.

**BACKGROUND**

Brian Zahn alleges he was wrongfully discharged from employment by the U.S. Army Corps of Engineers. He seeks relief under 42 U.S.C. § 1983. The defendants' move to dismiss on the ground the Court's prior orders effectively terminate his claims.

**RULING**

The defendant was discharged on January 8, 2001. On November 30, 2005, he lodged his complaint with the District Court Executive. Thus, his § 1983 claim appears to be barred by the three-year statute of limitations. (Order of February 24, 2006, at 2.) However, in papers filed on January 27, 2006, and March 20, 2006, the plaintiff alleged the defendants concealed documents which indicate that their stated reasons for discharging him were not their real reasons for

ORDER - 1

doing so. Although the record is unclear, the plaintiff may be alleging the defendants' failure to disclose the disputed documents tolled the statute of limitations. On March 28, 2006, the Court reserved ruling with respect to the timeliness of the plaintiff's remaining claim(s).

Whether the defendants' alleged failure to disclose documents has tolled the statute of limitations is an issue that is governed by the law of the State of Washington. *See Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691, 694 (9th Cir.2003). The defendants are entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6) "only if the assertions of the [plaintiff's] complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir.1993) (internal quotation marks and citation omitted). Even when a complaint is defective, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir.1988) (internal quotation marks and citations omitted). Here, given the allegations set forth in the papers that the plaintiff filed on January 27th and March 20th, it may be possible for the plaintiff to amend his complaint in a manner that is sufficient to avoid dismissal under Rule 12(b)(6).

**IT IS HEREBY ORDERED:**

1. The defendants' motion to dismiss (**Ct. Rec. 29**) is denied.

2. Within 30 days of the entry of this order, the plaintiff shall file an amended complaint alleging, with particularity, the facts he is relying upon to demonstrate that the statute of limitations has

ORDER - 2

been tolled. By "amended complaint," the Court means just that: an amended complaint that complies with the requirements set forth in Federal Rule of Civil Procedure 8. The plaintiff's "responses" of January 27th and February 20th do not constitute "complaints" within the meaning of Rule 8; rather, they constitute "other papers" within the meaning of Rule 11.

    3. The plaintiff's failure to file an amended complaint within 30 days may result in the dismissal of his remaining claim(s) without prejudice.

    **IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to Mr. Zahn and counsel for the defendants.

    **DATED** this   29th   day of June, 2006.

                            *s/ Fred Van Sickle*
                              Fred Van Sickle
                     United States District Judge