UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

BRIAN ZAHN,

        Plaintiff,

   v.

BRIAN APPLEBURY, et al.,

        Defendants.

No. CV-05-371-FVS

ORDER

**THIS MATTER** comes before the Court based upon Mr. Zahn's motion for summary judgment and the defendants' motion to dismiss. Mr. Zahn is representing himself. The defendants are represented by Assistant United States Attorney Frank W. Wilson.

**BACKGROUND**

Brian Zahn alleges he was wrongfully discharged from employment by the U.S. Army Corps of Engineers on January 8, 2001. He seeks relief under Section 1 of the Civil Rights Act of 1871, Rev.Stat. § 1979, now codified as 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*, the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the State of Washington's Law Against Discrimination ("WLAD"), RCW 49.60. Mr. Zahn lodged his complaint with the District Court Executive on November 30, 2005. The statute of limitations for a § 1983 claim brought in Washington is three years. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir.2002). Although the law is less clear, the

ORDER - 1

statute of limitations for an ADA claim brought in Washington also appears to be three years. *See Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 n.2 9th Cir.), *cert. denied*, 537 U.S. 1030, 123 S.Ct. 559, 154 L.Ed.2d 445 (2002). The statute of limitations for a non-willful violation of the FMLA is two years. 29 U.S.C. § 2617(c)(1). The statute of limitations for a willful violation is three years. 29 U.S.C. § 2617(c)(2). Finally, the statute of limitations for a WLAD claim is three years. *Antonius v. King County*, 153 Wn.2d 256, 261-62, 103 P.3d 729 (2004).

**RULING**

Mr. Zahn's claims are untimely and must be dismissed unless there is some basis for tolling the respective statutes of limitation. Insofar as the FMLA is concerned, it is unclear whether the doctrine of equitable tolling is available under any circumstances. Certainly, Mr. Zahn has cited no case suggesting that it is available. Insofar as § 1983 and the ADA are concerned, the doctrine is available to the extent provided by state law. *See Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691, 694 (9th Cir.2003). As a result, it is appropriate to turn to the law of the State of Washington.

In *Douchette v. Bethel School Dist. No. 403*, 117 Wn.2d 805, 811, 818 P.2d 1362 (1991), the Supreme Court of the State of Washington recognized that "there may be cases in which the filing deadline for a discrimination action may be equitably tolled." Ms. Douchette's case was not one of them, said the Washington Supreme Court, because the Bethel School District did not act in bad faith, deceive her, or make any false assurances to her and she did not exercise reasonable

diligence in pursuing her legal remedies. *Id.* at 812. The Washington Supreme Court revisited the issue of equitable tolling in *Gunnier v. Yakima Heart Ctr., Inc.*, 134 Wn.2d 854, 953 P.2d 1162 (1998). Again, the state Supreme Court emphasized the need for diligence on the part of the plaintiff. *See id.* at 864-65. He may not obtain relief under the doctrine of equitable tolling unless he demonstrates that he could not, by the exercise of reasonable diligence, "have discovered essential information bearing on the claim." *Id.* at 865.

In order to determine whether Mr. Zahn is eligible for equitable tolling, one must examine his claims. They are set forth in his "Statement of Facts.[1]" In essence, he alleges that the defendants fired him because he engaged in protected activity and because he was disabled. Furthermore, he alleges that the procedure that led to his termination deprived him of due process of law. Mr. Zahn was fired on January 8, 2001. Neither his Statement of Facts nor any other paper he has filed sets forth facts alleging that the defendants deceived him concerning the deadline(s) for commencing an action or that they made any false assurances concerning the adequacy of the steps he was taking to vindicate his rights. The only wrongful conduct he alleges is that the defendants withheld information indicating that their stated reasons for firing him were not their actual reasons. But there is no reason to think that this is what the Washington Supreme Court means by bad faith, deception, or false assurances. Rarely will a discharged employee have evidence of pretext before he files his

---

[1] Mr. Zahn may intend this paper to serve as his complaint. He filed it on July 28, 2006. It is court record number 41.

ORDER - 3

action. Typically, such evidence is obtained, if at all, during discovery. Mr. Zahn has cited no case indicating that an employer's failure to disclose evidence of pretext tolls the statute of limitations. Besides, even assuming that this is the law in the State of Washington, Mr. Zahn faces a second obstacle to relief under the doctrine of equitable tolling: His lack of diligence. Mr. Zahn could have obtained legal advice or conducted legal research with respect to whether he engaged in protected activities prior to his termination. He could have obtained legal advice or conducted legal research with respect to whether the procedure that led to his termination deprived him of due process of law. These things could have been accomplished well before the respective statutes of limitations expired. Once these things were accomplished, Mr. Zahn would have been in a position to make an informed decision with respect to whether to file an employment discrimination action. Nothing more would have been needed at that point. Mr. Zahn's apparent failure to seek legal advice or perform legal research reflects a lack of diligence on his part. Absent diligence, he is ineligible for the equitable tolling of any of the relevant statutes of limitations. *See Douchette*, 117 Wn.2d at 812-13.

**IT IS HEREBY ORDERED**:

1. Mr. Zahn's motion for summary judgment (**Ct. Rec. 34**) is denied.

2. The defendants' motion to dismiss (**Ct. Rec. 44**) is granted in part:

(a) Mr. Zahn's claim for relief under Section 1 of the Civil

ORDER - 4

Rights Act of 1871, Rev.Stat. § 1979, now codified as 42 U.S.C. § 1983, is dismissed with prejudice because it is untimely.

(b) Mr. Zahn's claim for relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*, is dismissed with prejudice because it is untimely.

(c) Mr. Zahn's claim for relief under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, is dismissed with prejudice because it is untimely.

(d) Mr. Zahn's claim for relief under the State of Washington's Law Against Discrimination ("WLAD"), RCW 49.60., is dismissed with prejudice because it is untimely.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to Mr. Zahn and to counsel for the defendant.

**DATED** this ___7th___ day of February, 2007.

                    s/Fred Van Sickle
                    Fred Van Sickle
                    United States District Judge

ORDER - 5