UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

BRIAN ZAHN,

               Plaintiff,

        v.

BRIAN APPLEBURY, et al.,

             Defendants.

No. CV-05-371-FVS

ORDER

**THIS MATTER** comes before the Court for resolution of three motions.  The plaintiff is representing himself.  The defendants are represented by Assistant United States Attorney Frank W. Wilson.

**BACKGROUND**

On or about January 8, 2001, the U.S. Army Corps of Engineers ("the Corps") discharged Brian Zahn.  He alleges that the Corps' stated reasons for discharging him were not its actual reasons; that, in fact, he was discharged in retaliation for engaging in protected activity.  He alleges that he pursued his administrative remedies, but that, on March 31, 2003, the Corps issued a final decision discharging him.  On November 30, 2005, he lodged a complaint with the District Court Executive.  He sought relief under Section 1 of the Civil Rights Act of 1871, Rev.Stat. § 1979, now codified as 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*, the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the State of Washington's Law Against Discrimination ("WLAD"), RCW

ORDER - 1

49.60.  On March 28, 2007, the Court ordered the United States Marshals Service to serve Mr. Zahn's complaint.  On February 7, 2007, the Court ruled that Mr. Zahn's claims for relief under 42 U.S.C. § 1983, the ADA, the FMLA, and the WLAD are barred by the relevant statutes of limitations.  Mr. Zahn moves the Court to reconsider.  The defendants move the Court to dismiss any remaining claims.

**RULING**

Mr. Zahn was a federal employee.  As a result, he may not seek judicial relief under 42 U.S.C. § 1983, the ADA, the FMLA, or state law.  *See Russell v. United States Dept. of the Army*, 191 F.3d 1016, 1018-20 (9th Cir.1999); *Hiler v. Brown*, 177 F.3d 542, 544 n.4 (6th Cir.1999).  The only relief he may seek in federal court is that which is provided by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.  Vinieratos v. United States*, 939 F.2d 762, 773 (9th Cir.1991).  To date, Mr. Zahn has not sought relief under either statute.  Moreover, as the record now stands, it is unclear whether any claim he might seek leave to file would be timely. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407.  *See also Colbert v. Potter*, 471 F.3d 158, 165-67 (D.C.Cir.2006).  In view of the uncertainty, Mr. Zahn will be given an opportunity to amend his complaint to allege violations of Title VII and/or the Rehabilitation Act.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir.1990) (under Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief).

However, Mr. Zahn shall not file an amended complaint unless he can make the certification required by Federal Rule of Civil Procedure 11(b).  If he files an amended complaint, the defendants shall respond as provided by the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED:**

1. Mr. Zahn's motion for reconsideration (**Ct. Rec. 57**) is denied.

2. Mr. Zahn's request for leave to commence an interlocutory appeal (**Ct. Rec. 55**) is denied.

3. The defendants' motion to dismiss (**Ct. Rec. 61**) is granted in part and denied in part.  Except for potential claims arising under either Title VII or the Rehabilitation Act, all of Mr. Zahn's claims are dismissed.

4. Mr. Zahn may have until May 23, 2007, in which to file an amended complaint asserting claims for relief under Title VII and/or the Rehabilitation Act.  If Mr. Zahn chooses not to file an amended complaint, his existing complaint will be dismissed and the case closed.

5. Mr. Zahn shall not file an amended complaint unless he can make the certification required by Rule 11(b).

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to Mr. Zahn and to counsel for the defendant.

**DATED** this __25th__ day of April, 2007.

_____s/ Fred Van Sickle_____
Fred Van Sickle
United States District Judge

ORDER - 3